UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GILBERT HERNANDEZ, CDCR #G-46924,<br><br>                          Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN,<br><br>                          Defendant. | Case No.: 3:18-cv-00160-DMS-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A** |

      Steve Hernandez ("Plaintiff"), a state inmate currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

1

## I. Request to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by a CEN accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that Plaintiff had an available balance of zero at the time of filing. *See* ECF No. 2 at 4, 7. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

II.     **Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff was diagnosed with "Hepatitis C" when he was previously housed at the Correctional Training Facility in 2000. (Compl. at 4.) Plaintiff claims that he has been monitored since that time and more recently, he received blood draws that demonstrated that his "condition is not improving." (*Id.* at 5.) Plaintiff alleges that the prison officials are "dragging their feet to cure Plaintiff." (*Id.* at 6.) Plaintiff filed several grievances seeking a "Hep C treatment for the Plaintiff's medical condition which is available so he will be cured from HCV." (*Id.* at 7.)

4

| | |
|---|---|
| 1 | Plaintiff's grievances were denied at each level of review. (*See id.* at 8-10.) |
| 2 | Plaintiff argues that prison officials refused to give him specific medication, "including |
| 3 | Harvoni and Salvaldi," which he claims "are over 90% effective" in curing hepatitis C. |
| 4 | (*Id.* at 9.) Instead, Plaintiff claims prison officials are choosing a "course of monitoring |
| 5 | his condition in violation of his Eighth Amendment rights." (*Id.*) |
| 6 | Plaintiff also filed a "habeas corpus on this issue claiming Eighth Amendment |
| 7 | violation, deliberate indifference to a serious medical need" in the Superior Court of |
| 8 | California for the County of Imperial. (*Id.*) Plaintiff's petition was denied. (*Id.*) |
| 9 | Plaintiff filed an appeal to the California Court of Appeals and this appeal was denied on |
| 10 | the grounds that "Plaintiff did not show a prima facie violation of the Eighth |
| 11 | Amendment." (*Id.*) Plaintiff filed an appeal to the California Supreme Court which was |
| 12 | also denied. (*See id.* at 10.) Plaintiff "disagrees with the California Supreme Court" and |
| 13 | "requests that his Eighth Amendment rights be restored." (*Id.* at 11.) |


1 Plaintiff's grievances were denied at each level of review. (*See id.* at 8-10.)
2 Plaintiff argues that prison officials refused to give him specific medication, "including
3 Harvoni and Salvaldi," which he claims "are over 90% effective" in curing hepatitis C.
4 (*Id.* at 9.) Instead, Plaintiff claims prison officials are choosing a "course of monitoring
5 his condition in violation of his Eighth Amendment rights." (*Id.*)

6       Plaintiff also filed a "habeas corpus on this issue claiming Eighth Amendment
7 violation, deliberate indifference to a serious medical need" in the Superior Court of
8 California for the County of Imperial. (*Id.*) Plaintiff's petition was denied. (*Id.*)
9 Plaintiff filed an appeal to the California Court of Appeals and this appeal was denied on
10 the grounds that "Plaintiff did not show a prima facie violation of the Eighth
11 Amendment." (*Id.*) Plaintiff filed an appeal to the California Supreme Court which was
12 also denied. (*See id.* at 10.) Plaintiff "disagrees with the California Supreme Court" and
13 "requests that his Eighth Amendment rights be restored." (*Id.* at 11.)

14       C.    <u>Rooker Feldman</u>

15       Plaintiff has attached to his Complaint several Exhibits, as well as alleging facts in
16 support of these Exhibits, which demonstrate that Plaintiff brought these identical claims
17 before California State Courts. Specifically, on July 13, 2017, Justices McConnell,
18 Haller, and Aaron issued an Opinion denying Plaintiff's petition for writ of habeas
19 corpus. (*See* Pl.'s Compl., Ex. Z, *In Re Steven G. Hernandez*, No. D072412 (Cal.Ct.App.
20 July 13, 2017). Specifically, the Justices found that the "prison staff is not acting with
21 deliberate indifference to [Plaintiff's] serious medical needs." (*Id.* at *2.) They further
22 found that Plaintiff's own submissions demonstrated that "physicians have been
23 monitoring his hepatitis C, considered his request for treatment with Harvoni, and
24 concluded based on medical criteria that he does not yet qualify for such treatment." (*Id.*)
25 Finally, they concluded that Plaintiff's "disagreement or dissatisfaction with his
26 physician's treatment plan and his preference for a different one are insufficient to state
27 an Eighth Amendment claim." (*Id.*)

As set forth above, Plaintiff appealed this decision to the California Supreme Court. (*See* Compl., "Appendix 3," *In re STEVEN G. HERNANDEZ*, No. S24846 (Cal. Dec. 13, 2017).

Here, Plaintiff is seeking a ruling from this Court essentially overturning a California State Court decision. However, this is not a viable form of relief in this action. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning orders made by state court judges based on the same Eighth Amendment claims brought in this action, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

D. <u>Personal Causation</u>

Finally, the Court finds Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against Secretary Kernan. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). The Complaint contains no factual allegations describing what Defendant Kernan did, or failed to do. To the extent Plaintiff seeks to hold him liable for the actions of his subordinates, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does

an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Defendant Kernan because he has failed to allege facts regarding what actions were taken or not taken by the Defendant which caused the alleged constitutional violations. *See Canton*, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983."), citing *Monell*, 436 U.S. at 694-95.

E. Leave to Amend

Accordingly, Plaintiff's entire Complaint is dismissed for failing to state a claim upon which relief may be granted. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III. Conclusion and Order**

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint (ECF No. 1) for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff elect not to proceed by filing an Amended Complaint within 30 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail Plaintiff a civil rights form complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: February 7, 2018

Hon. Dana M. Sabraw
United States District Judge