UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GILBERT HERNANDEZ, CDCR #G-46924,<br><br>       Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN; A. SANGHA; K. REILLY; J. LEWIS<br><br>       Defendants. | Case No.: 3:18-cv-00160-DMS-PCL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME AS MOOT [ECF No. 5]; and**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT** |

## I. Procedural History

On January 23, 2018, Steve Hernandez ("Plaintiff"), a state inmate currently incarcerated at Correctional Training Facility located in Soledad, California, proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

The Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted

1

pursuant to 28 U.S.C. § 1915(e)(2) & 1915A. (ECF No. 3.) Plaintiff was given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On March 5, 2018, Plaintiff filed a motion seeking additional time to file his amended pleading. (ECF No. 5.) However, before the Court could rule on this motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.) Therefore, Plaintiff's motion seeking additional time is DENIED as moot.

**II.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.     <u>Standard of Review</u>

As the Court stated in the previous Order, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

2

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

Plaintiff was initially diagnosed with Hepatitis C when he was housed at the Correctional Training Facility in 2000. (*See* FAC at 7.) At some point, Plaintiff was transferred to CEN[1]. On February 7, 2016, Plaintiff filed an administrative grievance in which he requested to be "seen by a specialist" and to "treat the underlying cause of Hepatitis C." (*Id.* at 4.) In this request Plaintiff alleges he notified prison officials that he had been "subjected to unpleasant side effects, such as edema, nausea, fatigue, tenderness and pains, plus pressure in the stomach area." (*Id.*)

In response, physicians at CEN ordered "an ultra sound for possible gall bladder problems" but Plaintiff denied he has any issues with his gall bladder. (*Id.* at 5.) Plaintiff was seeking a specific treatment for his Hepatitis C which includes "medicine such as

---

[1] At the time Plaintiff filed this action he was housed at Centinela State Prison ("CEN"). (*See* ECF No. 1.)

3

3:18-cv-00160-DMS-PCL

Harvoni." (*Id.*)  However, Plaintiff was informed that such treatment was only provided where "liver function numbers have to be elevated according to a specified level." (*Id.*) If the liver function numbers reach that level or higher, Plaintiff would receive this treatment, along with a "fibro scan" that "detects scarring of the liver, cirrhosis and cancer." (*Id.*)

However, Plaintiff claims he is being unfairly denied this treatment and instead, prison officials "favor monitoring the Plaintiff's Hep C virus." (*Id.* at 6.)  Defendant Sangha, Chief Medical Executive at CEN, responded to the first level of review of Plaintiff's grievance. (*See id.* at 8.)  In this response, Sangha informed Plaintiff that he "did not meet the criteria for inclusion in the Hepatitis C treatment program." (*Id.*) Defendant Reilly, Chief Executive Office for the California Correctional Health Care Services ("CCHCS"), also denied Plaintiff's request and found that "Plaintiff did not meet the criteria for inclusion in the Hepatitis C treatment program as per CCHCS guidelines." (*Id.*)  Defendant Lewis, Deputy Director of Policy and Risk Management Services for CCHCS, also "advised" Plaintiff that he did not "meet criteria for consideration of Hep C treatment at this time." (*Id.*)

Plaintiff claims that he is "routinely" examined once a year for his Hepatitis C at which time blood is drawn and evaluated. (*Id.* at 9.)  Plaintiff claims that "this has been the routine throughout his incarceration." (*Id.*)  Plaintiff alleges that he "still suffers from the symptoms associated with the Hep C virus." (*Id.*)

Plaintiff seeks injunctive relief in the form of a "preliminary injunction to C.D.C.R. or the Defendants to immediately provide Plaintiff with treatment that includes modern medicine such as Harvoni" and to "receive a fibro scan to check for liver damage." (*Id.* at 17.)

///

///

C. Rooker Feldman

Once again, Plaintiff has attached to his FAC several Exhibits which demonstrate that Plaintiff brought these identical Eighth Amendment claims based on the same set of facts before California State Courts. On July 13, 2017, Justices McConnell, Haller, and Aaron issued an Opinion denying Plaintiff's petition for writ of habeas corpus. (*See* Pl.'s FAC, ECF No. 6 at 61-62, Ex. Z, *In Re Steven G. Hernandez*, No. D072412 (Cal.Ct.App. July 13, 2017). Specifically, the Justices found that the "prison staff is not acting with deliberate indifference to [Plaintiff's] serious medical needs." (*Id.* at *2.) They further found that Plaintiff's own submissions demonstrated that "physicians have been monitoring his hepatitis C, considered his request for treatment with Harvoni, and concluded based on medical criteria that he does not yet qualify for such treatment." (*Id.*) Finally, they concluded that Plaintiff's "disagreement or dissatisfaction with his physician's treatment plan and his preference for a different one are insufficient to state an Eighth Amendment claim." (*Id.*) Plaintiff appealed this decision to the California Supreme Court and his petition for writ of habeas corpus was denied. (*See* FAC, ECF No. 6 at 64, "Appendix 3," *In re STEVEN G. HERNANDEZ*, No. S24846 (Cal. Dec. 13, 2017).

Here, Plaintiff is seeking a ruling from this Court essentially overturning a California State Court decision. If the Court were to find that Plaintiff has stated an Eighth Amendment claim, that finding would be in direct contradiction to the findings of the California Court of Appeal. This is not a viable form of relief in this action. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct.

868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning orders made by state court judges based on the same Eighth Amendment claims brought in this action, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

D. <u>Collateral Estoppel</u>

"[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel operates to "relieve parties of the cost and vexation of multiple lawsuits,

6

conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. Federal courts hearing section 1983 actions must give collateral estoppel effect to state court judgments. *Id*. Specifically, "[a] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ*., 465 U.S. 75, 81 (1984); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) ("State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action").

Under California law, collateral estoppel prevents the re-litigation of issues decided in a prior matter if: (1) the issue is identical to the one decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceedings; (4) the decision in the prior proceeding was final and on the merits; and (5) the party against whom the preclusion is sought is the same or is in privity with the party from the prior proceeding. *See Lucido v. Superior Court*, 51 Cal.3d 335, 341 (Cal. 1990).

Plaintiff brought his habeas petition to the California State Court to challenge the "Director's Level of Review dated August 9, 2016" which "denied Petitioner's appeal on the stated ground that his laboratory results do not meet the criteria for treatment." (FAC, ECF No. 6 at 58.) This "Director's Level of Review" is the same one that is the subject of this matter for which Plaintiff seeks to hold Defendant Lewis liable for alleged Eighth Amendment violations. (*See id.*, ECF No. 6 at 39-82.)

The Court finds that all the elements of collateral estoppel have been met with regard to Plaintiff's Eighth Amendment claim. As stated above, on July 13, 2017, Justices McConnell, Haller, and Aaron issued an opinion denying Plaintiff's petition for writ of habeas corpus. (*See* Pl.'s FAC, ECF No. 6 at 61-62, Ex. Z, *In Re Steven G. Hernandez*, No. D072412 (Cal.Ct.App. July 13, 2017). Specifically, the Justices found

that the "prison staff is not acting with deliberate indifference to [Plaintiff's] serious medical needs." (*Id*.) They further found that Plaintiff's own submissions demonstrated that "physicians have been monitoring his hepatitis C, considered his request for treatment with Harvoni, and concluded based on medical criteria that he does not yet qualify for such treatment." (*Id*.) Finally, they concluded that Plaintiff's "disagreement or dissatisfaction with his physician's treatment plan and his preference for a different one are insufficient to state an Eighth Amendment claim." (*Id*.) Plaintiff appealed this decision to the California Supreme Court and his petition for writ of habeas corpus was denied. (*See* FAC, ECF No. 6 at 64, "Appendix 3," *In re STEVEN G. HERNANDEZ*, No. S24846 (Cal. Dec. 13, 2017).

For all these reasons, the Court finds that Plaintiff is estopped from bringing his Eighth Amendment claims to this Court.

  E. <u>Duplicative claims</u>

Finally, Plaintiff's claims are subject to sua sponte dismissal because, as stated above they are duplicative of those raised in the previously identified California State Court proceedings. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

Because Plaintiff's current FAC raises the same facts and is based on the same incidents, the Court must dismiss this duplicative and subsequently-filed civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato*, 70 F.3d at 1105 n.2.

F. <u>Injunctive Relief</u>

To the extent that Plaintiff seeks injunctive relief in the form of an order directing CEN Defendants to provide him with medical treatment, the claims against CEN Defendants are moot in light of his transfer to the Correctional Training Facility in Soledad, California. *See Dilley v. Gunn*, 64 F.3rd 1365, 1368 (9th Cir. 1995) (An inmate's transfer to a different prison while conditions of confinement claims are pending moot any claims for injunctive relief.)

## III. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Extension of Time to File FAC [ECF No. 5] as moot;

2. **DISMISSES** this civil action without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because the Court finds further amendment futile, leave to amend is **DENIED**. See *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk of Court is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

Dated: April 17, 2018

Hon. Dana M. Sabraw
United States District Judge