UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GILBERT HERNANDEZ, CDCR #G-46924,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN; A. SANGHA; K. REILLY; J. LEWIS<br><br>Defendants. | Case No.: 3:18-cv-00160-DMS-PCL<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)**<br><br>**[ECF Nos. 11, 13]** |

## I. Procedural History

On January 23, 2018, Steve Hernandez ("Plaintiff"), a state inmate currently incarcerated at Correctional Training Facility located in Soledad, California, proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

The Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted

1

pursuant to 28 U.S.C. § 1915(e)(2) & 1915A. (ECF No. 3.) Plaintiff was given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On March 5, 2018, Plaintiff filed a motion seeking additional time to file his amended pleading. (ECF No. 5.) However, before the Court could rule on this motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.) Therefore, Plaintiff's motion seeking additional time was DENIED as moot. (ECF No. 8.) The Court also found that Plaintiff's FAC failed to state a claim and DENIED leave to amend as futile. (*Id.*)

One year later, Plaintiff has filed a "Motion for Relief from Judgment" along with a document entitled "In Support of Motion from Relief from Judgment (Rule 60(b))." (ECF Nos. 11, 13.)

## II. Plaintiff's Motion pursuant to FED. R. CIV. P. 60(b)

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir.

2

2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Plaintiff's Motion

In Plaintiff's FAC, he alleged that he suffers from Hepatitis C. (*See* FAC at 7.) While Plaintiff was housed at Centinela State Prison ("CEN") in 2016, he filed an administrative grievance seeking a specific form of medical treatment called "Harvoni." (*Id.* at 5.) Plaintiff's request was denied by CDCR prison officials and he filed this action alleging that his Eighth Amendment right had been violated by the "deliberate indifference" of the named Defendants to his serious medical need. (*Id.* at 3.)

However, attached to Plaintiff's FAC were several exhibits which demonstrated that Plaintiff had brought these identical Eighth Amendment claims based on the same set of facts before California State Courts. (*See* Apr. 17, 2018 Order at 5.) Thus, Plaintiff's action was dismissed as barred by the *Rooker-Feldman* doctrine, he was collaterally estopped from bring his Eighth Amendment claims to this Court, and the Court founds that the claims were duplicative of an action he had previously litigated. (*Id.* at 5-8.)

In the Motion currently before the Court, Plaintiff is seeking "relief from judgment" due to "newly discovered evidence and changed circumstances." (Pl.'s Mot. at 1.) Plaintiff claims the "new evidence" is class action that was filed in California on behalf of prisoners seeking to "receive a curative treatment for Hepatitis C." (*Id.* at 2.) Other additional "new evidence" includes a class action in Florida where Plaintiff alleges a "federal judge [r]uled state prison officials failed to properly care for felons infected with hepatitis C virus." (*Id.*) Plaintiff alleges his "changed circumstances" is the continuing deterioration of his medical condition. (*Id.* at 4.)

However, the Court did not find that Plaintiff had not adequately alleged an Eighth Amendment claim. Instead, it was clear from the record before the Court that Plaintiff

3

had actively litigated this identical Eighth Amendment claim in the California State Courts and received a ruling. For all the reasons set forth in the Court's April 17, 2018 Order, Plaintiff cannot re-litigate these exact same claims in this Court.

Plaintiff appears to attempt to avoid this problem with his pleadings by now arguing that he seeks to bring these identical facts and claims under the Fourteenth Amendment. (Pl.'s Suppl. Mot. at 1.) He claims that he "understands the collateral estoppel and issue preclusion" but he is not "preclude[d]" from bringing a "Fourteenth Amendment claim of entitlement." (*Id.*)

However, "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *accord Albright v. Oliver*, 510 U.S. 266, 272-73 (1994) (noting that when a broad "due process" violation is alleged, but a particular amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 103 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). It is this principle that "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* Accordingly, Plaintiff's deliberate indifference to serious medical needs are more properly analyzed under Eighth, rather than the Fourteenth Amendment's standards.

Because Plaintiff has already litigated his Eighth Amendment claims, he may not try to raise the exact same claims under the Fourteenth Amendment.

4

Accordingly, the Court finds that Plaintiff does not seek reconsideration based on mistake, inadvertence, surprise or neglect. He does not present any newly discovered evidence, point to fraud, argue that the Court's April 17, 2018 Order is void, that any judgment has been satisfied, or point to any "other reason" that might justify reconsideration. *See* FED. R. CIV. P. 60(b)(1)-(6).

### III. Conclusion and Order

Good cause appearing, the Court:

**DENIES** Plaintiff's Motion for Relief from Judgment (ECF Nos. 11, 13) and **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: August 12, 2019

Hon. Dana M. Sabraw
United States District Judge